UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL MILCHIN, | : | Case No. 3:21-cv-1361 (KAD) |
| *Petitioner*, | : | |
| | : | |
| v. | : | |
| | : | |
| WARDEN, et al., | : | |
| *Respondents*. | : | APRIL 13, 2022 |

**MEMORANDUM OF DECISION RE: DOC. NO. 1 AND DOC. NO. 12**

The Petitioner, Michael Milchin ("Milchin"), filed a petition for writ of habeas corpus and a supplemental petition pursuant to 28 U.S.C. § 2241 challenging three disciplinary actions imposed by the Bureau of Prisons ("BOP"). Pet., Doc. No. 1; Supp. Pet., Doc. No. 12. For the following reasons, the petition and the supplemental petition are denied.

**Background**

Milchin currently is confined at the Federal Correctional Institution ("FCI") in Danbury, Connecticut. Pet., Doc. No. 1 at 1. He is serving a 168-month term of imprisonment for conspiracy to commit health care fraud, conspiracy to distribute oxycodone, possession of oxycodone with intent to distribute, and distribution of oxycodone. Resp'ts' Mem., Ex. D, Doc. No. 9-5; Hassler Decl., Doc. No. 9-1, ¶ 7.

Milchin received the three disciplinary reports at issue in this petition while confined at FCI Fort Dix in New Jersey. Resp'ts' Mem., Ex. A, Doc. No. 9-2; Hassler Decl., Doc. No. 9-1, ¶ 4. All three disciplinary reports were for use of narcotics. In his original petition, Milchin challenges the disciplinary actions for incident report No. 3306242 and No. 3319657 based on drug test samples taken in September and October of 2019. Pet., Doc. No. 1 at 1–3, 5–7, 27–29. Both charges have been expunged. Resp'ts' Mem., Ex. B, Doc. No. 9-3; Hassler Decl., Doc. No.

9-1 at ¶ 5. In his supplemental petition, Milchin challenges the denial of his appeal of the disciplinary action for incident report No. 3272256, based on a June of 2019 drug test sample. The appeal was denied as untimely but Milchin asserts that the decision appealed from was backdated. Supp. Pet., Doc. No. 12 at 1, 4–9.

**Standard of Review**

The writ of habeas corpus pursuant to § 2241 extends to petitioners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petition filed pursuant to § 2241 may properly be used to challenge the execution of a prison sentence, such as conditions of confinement or sentence calculations. *Poindexter v. Nash*, 333 F.3d 372, 377 (2d Cir. 2003). Generally, "prisoners must exhaust their administrative remedies prior to filing a petition for habeas relief" pursuant to § 2241. *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001).

**Discussion**

**Incident Reports No. 3306242 and No. 3319657**

Milchin states that he was sanctioned with 41 days loss of good conduct time and 365 days loss of visits per incident report—No. 3306242 and No. 3319657. Pet., Doc. No. 1 at 1. These are the sanctions reflected in the disciplinary hearing reports dated November 1, 2019. *Id.* at 6–7, 29. However, a second version of the same disciplinary hearing reports dated March 27, 2020, shows additional monetary sanctions of $500.00 per incident report which allegedly resulted in a lien on Milchin's prison trust fund. *Id.* at 3, 17–18, 38. Milchin requests that the disciplinary reports be expunged from his record, the 82 days of disallowed good conduct time be restored, and the lien on his funds be released. *Id.* at 3.

In response to the petition, Respondents have removed the disciplinary charges with respect to both incidents from Milchin's record. Resp'ts' Mem., Hassler Decl., Doc. No. 9-1 at ¶ 5–6. As evidence of the expunged records and charges, Respondents submit inmate discipline data displaying Milchin's chronological disciplinary record as of December 21, 2021, which contains no reference to either incident No. 3306242 or No. 3319657. Resp'ts' Mem., Ex. B, Doc. No. 9-3. In addition, Respondents have submitted the BOP's inmate encumbrance details report, indicating that the lien for the two $500.00 sanctions has been released as of December 10, 2021. Resp'ts' Mem., Ex. C, Doc. No. 9-4.

With respect to Milchin's loss of good conduct time, Respondents contend that restoration of the 82 days of good conduct time disallowed on the two incidents would not impact Milchin's total good conduct time earned because Milchin lost the maximum total of 54 days of good conduct time which could be earned between May 30, 2019 and May 29, 2020 for two additional and unrelated incident reports. The Court agrees with Respondents.

Milchin was sanctioned with 41 days loss of good conduct time per incident report—No. 3306242 and No. 3319657. The BOP awards good conduct time in accordance with 18 U.S.C. § 3624(b), which provides that a prisoner serving a sentence of more than one year may earn credit "of up to 54 days for each year of the prisoner's sentence imposed by the court" provided the BOP determines that, "**during that year**, the prisoner has displayed exemplary compliance with institutional disciplinary regulations." *Id*. at § 3624(b)(1) (emphasis added). "BOP regulations award up to 54 days of good conduct credit at the end of every 365 days." *Schurkman v. Bureau of Prisons*, No. 04 CIV. 5341 (DC), 2004 WL 2997863, at *1 (S.D.N.Y. Dec. 28, 2004), *aff'd*, 191 F. App'x 26 (2d Cir. 2006). Generally, a disciplinary hearing officer's decision to disallow good

conduct time applies only to the good conduct time that can be earned for the current year. *See* 28 C.F.R. 541.4(b) (noting that amount of good conduct sentence credit prisoner may lose per violation is calculated as percentage of good conduct time available per year).

Milchin was federally sentenced on May 22, 2018. Resp'ts' Mem., Ex. D, Doc. No. 9-5 at 1. The BOP calculates his years served to run commencing May 30th of each year. Resp'ts' Mem., Hassler Decl., Doc. No. 9-1 at ¶ 9, n.2. At issue here is the good conduct time available to Milchin during the year from May 30, 2019 through May 29, 2020. Resp'ts' Mem., Hassler Decl., Doc. No. 9-1 at ¶ 9–10; Ex. E, Doc. No. 9-6.

In addition to disciplinary charges related to the incident reports challenged here, (No. 3306242 and No. 3319657), Milchin incurred two unrelated disciplinary charges from incident reports No. 3272256 and No. 3382441, also between May 30, 2019 and May 29, 2020. Resp'ts' Mem., Hassler Decl., Doc. No. 9-1 at ¶ 9; Ex. B, Doc. No. 9-3. Per charge, Milchin's sanctions included disallowance of 41 days of good conduct time. Resp'ts' Mem., Ex. B, Doc. No. 9-3. Milchin lost 41 days of the total 54 days of good conduct time which could be earned between May 30, 2019 and May 29, 2020 on the first charge from incident report No. 3272256 and the remaining 13 days of good conduct time for that year on the second charge from incident report No. 3382441. *See* Resp'ts' Mem., Ex. E, Doc. No. 9-6 (noting sanctions between May 30, 2019 and May 29, 2020 of 82 days disallowance of good conduct time but limiting reduction in good conduct time earned during that year to only 54 days). Thus, restoration of the 82 days of good conduct time disallowed in connection with incident reports No. 3306242 and No. 3319657 would not impact Milchin's total good conduct time.

The two disciplinary charges from incident reports No. 3306242 and No. 3319657 have

been expunged, the hold on Milchin's funds has been released, and his total earned good conduct time is unaffected in light of Milchin's additional discipline between May 30, 2019 and May 29, 2020 from incidents No. 3272256 and No. 3382441. Thus, Milchin's claims set forth in his original petition regarding the disciplinary charges from incident reports No. 3306242 and No. 3319657 are denied as moot.

### Incident Report No. 3272256

In his supplemental petition, Milchin challenges a third disciplinary action for incident report No. 3272256 based on a drug test sample he provided on June 19, 2019. Supp. Pet., Doc. No. 12 at 1; 4–6, 11. As a result of this incident report, Milchin was sanctioned with 41 days loss of good conduct time. *Id*. at 11. Milchin contends that Regional Director David Paul backdated the response to Milchin's appeal thereby preventing him from timely completing the appeal process. *Id*. at 2, 7, 9. As relief, Milchin seeks expungement of the incident report and restoration of the 41 days of good conduct time. *Id*. at 1. Milchin also requests a transfer to camp confinement and re-review of his prior request for home confinement. *Id*. at 2. In opposition, Respondents argue that Milchin received due process in connection with the disciplinary hearing. Resp'ts' Supp. Mem., Doc. No. 14 at 8–10. Respondents do not specifically address Milchin's claim that Regional Director Paul backdated the response to his appeal. P. Reply Mem., Doc. No. 15 at 1.

### Exhaustion of Administrative Remedies

"[F]ederal prisoners must exhaust their administrative remedies prior to filing a petition for habeas relief." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001); *see also Sharabi v. Recktenwald,* No. 15 Civ. 2466(VECHBP), 2016 WL 11271875, at *2 (S.D.N.Y. Nov. 7, 2016) ("An inmate may bring a [§] 2241 proceeding to challenge the legality

of disciplinary sanctions, including the loss of [good conduct time] after administrative remedies are exhausted."), *report and recommendation adopted*, 2017 WL 1957040 (S.D.N.Y. May 10, 2017); *Rahman v. Wingate*, 740 F. Supp. 2d 430, 431 (S.D.N.Y. 2010) (requiring inmate to comply with BOP's Administrative Remedy Program specified in 28 C.F.R. §§ 542.10–542.19 before filing suit to challenge disciplinary sanctions).

Disciplinary hearings are conducted in accordance with the procedures set forth in 28 C.F.R. § 541.8. Prisoners may appeal adverse findings of the disciplinary hearing officer through the Administrative Remedy Program and direct the initial filing to the Regional Director. 28 C.F.R. part 542, subpart B; 28 C.F.R. § 542.14(d)(2). "An inmate who is not satisfied with the Regional Director's response may submit an appeal to . . . the General Counsel [in the BOP's Central Office] within 30 calendar days from the date the Regional Director signed the response." 42 C.F.R. § 542.15(a). This time limit may be extended if the inmate demonstrates a valid reason for the delay. *Id.*

Once an appeal is filed, the Regional Director is required to respond to an appeal within thirty calendar days unless that time has been extended for the Regional Director to properly decide the matter and the inmate is informed of the extension in writing. 42 C.F.R. § 542.18. If the inmate has not received a response within the prescribed time, including any extension, "the inmate may consider the absence of a response to be a denial at that level." *Id.*; *Rosales v. Petrucci*, No. 20-CV-2136(CS), 2021 WL 5449701, at *4 (S.D.N.Y. Nov. 22, 2021). As a final step, "an unfavorable decision from the Regional Director may be appealed to the General Counsel's . . . Central Office . . . within thirty days of the date on which the Regional Director rejects the inmate's appeal." *Chi v. Fernandez*, No. 9:18-CV-1212 (MAD), 2019 WL 6894837, at *5 (N.D.N.Y. Dec. 18, 2019). An

administrative remedy appeal is not considered finally exhausted until it is considered by BOP's Central Office. *Id.*, at *6.

Milchin's disciplinary hearing for incident report No. 3272256 was held on September 16, 2019. Resp'ts' Mem., Ex. B, Doc. No. 9-3; Resp'ts' Supp. Mem., Delaney Decl., Doc. No. 14-1 at ¶ 11; Ex. G, Doc. No. 14-8 at 1. He received a copy of the decision on December 21, 2019. Resp'ts' Supp. Mem., Delaney Decl., Doc. No. 14-1, ¶ 22; Ex. G, Doc. No. 14-8 at 4. Milchin filed his appeal to the Northeast Regional Director on March 2, 2020.[1] Resp'ts' Supp. Mem., Delaney Decl., Doc. No. 14-10 at ¶ 11; Ex. I, Doc. No. 14-10 at 1. The Regional Director's decision denying the appeal is dated May 4, 2020. Resp'ts' Supp. Mem., Ex. I, Doc. No. 14-10 at 3. On September 30, 2020, Milchin filed an appeal of the Regional Director's decision to the Office of General Counsel in the BOP's Central Office. Supp. Pet., Doc. No. 12 at 7. However, the submission was rejected as untimely filed. *Id.* at 9; Resp'ts' Supp. Mem., Delaney Decl. at ¶ 24; Ex. J, Doc. No. 14-11 at 7. In his appeal, Milchin stated that, although the Regional Director's response is dated May 4, 2020, he did not receive it until September 9, 2020. Supp. Pet., Doc. No. 12 at 7. In the denial notice, Milchin was afforded the opportunity to present staff verification that the delay in filing the appeal was not his fault. *Id.* at 9. Milchin does not suggest that he presented any evidence in that regard.

Milchin argues that Regional Director Paul backdated his response to prevent Milchin from exhausting his administrative remedies. Supp. Pet., Doc. No. 12 at 2, 7, 9. However, Milchin could

---

[1] Milchin was in transit from FCI Fort Dix to FCI Danbury for an extended period from December of 2019 until February of 2020. Supp. Pet., Doc. No. 12 at 4, 7. Milchin's Admission and Release history indicates that the transfer period was from December 3, 2019 to February 4, 2020. Resp'ts' Mem., Ex. A, Doc. No. 9-2. The Administrative Remedy Generalized Retrieval record, however, indicates that he was in transit from December 3, 2019 to February 20, 2020. Resp'ts' Supp. Mem., Ex. J, Doc. No. 14-11 at 5. In either case, the appeal was accepted as timely filed. Supp. Pet., Doc. No. 12 at 6.

have appealed to the Office of General Counsel when the time for the Regional Director's response passed. *See Rosales*, 2021 WL 5449701, at *4 ("If the inmate has not received a response within the prescribed time, . . . the inmate may consider the absence of a response to be a denial at that level.") (citing 42 C.F.R. § 542.18) (internal quotation mark omitted); *see also Chi*, 2019 WL 6894837, at *5 ("an unfavorable decision from the Regional Director may be appealed to the General Counsel's . . . Central Office . . . within thirty days of the date on which the Regional Director rejects the inmate's appeal"). Milchin did not do so. Thus, any delay attributed to Regional Director Paul did not prevent Milchin from timely appealing the Regional Director's denial of his appeal to the BOP's Central Office.

In addition, Milchin did not respond to the direction to submit verification regarding the timing of his appeal to the BOP's Central Office, which resulted in the merits of his appeal not being considered by the BOP's Central Office. Milchin had two opportunities to complete the exhaustion process but did not avail himself of either one. Thus, he failed to exhaust his administrative remedies. *See McDonald v. Sage*, No. 3:20-cv-1737(SRU), 2022 WL 503925, at *4 (D. Conn. Feb. 18, 2022) (dismissing § 2241 petition for failure to exhaust administrative remedies where inmate failed to appeal to next level when she did not receive a timely response).

"Failure to exhaust administrative remedies results in a procedural default, which bars judicial review unless the petitioner persuades the Court that the failure to exhaust should be excused." *Rosenthal v. Killian*, 667 F. Supp. 2d 364, 366 (S.D.N.Y. 2009). Courts may excuse a habeas petitioner's failure to exhaust administrative remedies if doing so "would be futile, either because agency decisionmakers are biased or because the agency has already determined the issue." *Martinez-Brooks v. Easter*, 459 F. Supp. 3d 411, 437 (D. Conn. 2020). Milchin does not

argue that either criterion applies here. Accordingly, Milchin's claim with respect to incident report No. 3272256 is procedurally defaulted.

### Due Process Requirements

Notwithstanding Milchin's procedural default of his claim regarding incident report No. 3272256, even if the Court were to excuse his failure to complete the exhaustion process the petition should be denied because Milchin's due process rights were not violated. Milchin argues that he was not afforded due process at the disciplinary hearing. Supp. Pet., Doc. No. 12 at 5, 8. In the disciplinary appeal, Milchin asserted three claims relating to the disciplinary hearing. *Id*. at 7 –8. In his supplemental petition, Milchin focuses on the allegedly backdated response to his appeal.[2] *Id*. at 1–2.

"It is well established the loss of good time credit as punishment for prison disciplinary offenses implicates a liberty interest protected by the Fourteenth Amendment." *Rahman*, 740 F. Supp. 3d at 431. The process required is that set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974). In *Wolff*, the Supreme Court held that a disciplinary hearing that results in a revocation of a prisoner's good time credit satisfies the due process requirements of the Fourteenth Amendment if:

> (1) the prisoner is provided written notice of the disciplinary charges at least twenty-four hours in advance of the hearing; (2) a neutral and detached hearing body conducts the hearing; (3) the prisoner is afforded an opportunity to present evidence and call witnesses as long as the presentation of evidence is not unduly hazardous to institutional safety or correctional goals; (4) the prisoner is granted

---

[2] In response to the order to show cause, the Respondents address the three due process issues Milchin asserted in his disciplinary appeal, that he was not given a copy of the chain of custody report, the drug test results were returned over ten days after the sample was taken, and the hearing report contained errors. *See* Supp. Pet., Doc. No. 12 at 4-5 & Resp., Doc. No. 14. In his reply brief, however, Milchin states that the response to his supplemental petition has "nothing to do with Milchin's complaint[. C]ase 3:21cv1361 is all about the government committing fraud on a legal document." Pet'r's Reply, Doc. No. 15 at 1. The Court considers any due process challenges asserted in the disciplinary appeal to be abandoned and addresses only the issue Milchin states he is asserting in this action, the allegedly backdated appeal response.

assistance, if necessary, to understand and prepare a defense; and (5) the factfinder
provides a written statement of the evidence relied upon in making its decision and
the reasons for the decision.

*Homen v. Hasty*, 229 F. Supp. 2d 290, 295 (S.D.N.Y. 2002). On July 1, 2019, prior to the

disciplinary hearing, Milchin received and signed a document entitled "Inmate Rights at Discipline

Hearing." Resp'ts' Mem., Delaney Decl., Doc. No. 14-1 at ¶ 10; Ex. F, Doc. No. 14-7. Milchin

acknowledged that his rights at the hearing were to have a written copy of the charges in advance

of the hearing, to have staff representation, to call witnesses and present documentary evidence, to

present a statement or remain silent, to be present during the hearing, and to be advised of the

disciplinary hearing officer's decision and the facts supporting that decision. Resp'ts' Mem., Ex.

F, Doc. No. 14-7. These rights mirror the rights set forth in *Wolff*.

Milchin focuses only on the backdated response to his appeal and argues that he was denied

due process because he was unable to further appeal the Regional Director's disciplinary finding

to the BOP's Central Office. The Court is not persuaded.[3] As noted above, in *Wolff*, the Supreme

Court set forth the due process requirements for a disciplinary hearing. *Wolff v. McDonnell,* 418

U.S. 539, 558 (1974). Notably absent is any requirement of an appeal process with respect to the

hearing decision.

Other courts have similarly dismissed § 2241 petitions challenging disciplinary appeals on

the basis that prison officials had prevented the timely filing of an appeal. In *Parker v. Oklahoma

Dep't of Corr.*, No. CIV-13-866-C, 2013 WL 5363364 (W.D. Okla. Sept. 25, 2013), a state

prisoner filed a § 2241 petition seeking expungement of a disciplinary conviction. The prisoner

argued that prison officials had "prevented him from filing a 'proper and timely' appeal of his

---

[3] As a factual matter, this is incorrect. As discussed above, Milchin could have appealed to the BOP's Central Office
after not receiving the Regional Director's decision within 30 days of his appeal to the Regional Director.

conviction and, thus, prevented him from fully exhausting his administrative remedies," a claim analogous to the claim Milchin asserts here. *Id.* at *1. The court held that "[b]ecause the right to appeal a disciplinary conviction is not among *Wolff's* limited set of due process guarantees, a prison's violation of the administrative appeal process does not implicate the Constitution or laws or treaties of the United States[,]" and that the inmate's "claim, even if proven, would not entitle him to federal habeas relief." *Id.* (internal quotation marks omitted). Additionally, in *Spurlin v. Director of N. Cent. Region for the Fed. Bureau of Prisons*, No. 21-3102-JWL, 2021 WL 1597946 (D. Kan. Apr. 23, 2021), the court held that a federal prisoner failed to present a constitutional claim where he claimed that his appeal was improperly denied as untimely. The court noted that, "[a]lthough the BOP provides an appeal process, BOP regulations are not themselves constitutional rights, and a right to appeal is not one of the due process procedural protections stated in *Wolff*." *Id.* at *1; *see also Fernandez v. Hollingsworth*, Civ. No. 15-3492(RBK), 2015 WL 4578433, at *2 (D.N.J. July 29, 2015) (denying federal inmate's § 2241 challenge to administrative appeal procedure because "petitioner is not entitled to federal habeas relief on [due process] claim as the right to appeal disciplinary convictions is not within the narrow set of due process rights delineated in *Wolff*") (internal quotation mark omitted).

As Milchin has no federal due process right to a disciplinary appeal, his claim alleging improprieties in the way the appeal was handled does not entitle him to federal habeas relief. Accordingly, Milchin's supplemental petition is denied.

**Conclusion**

Milchin's petition for writ of habeas corpus (Doc. No. 1), and supplemental petition (Doc. No. 12) are **DENIED**. The Court declines to issue a certificate of appealability, finding that

Petitioner has not made a substantial showing of a denial of a federal right. 28 U.S.C. § 2253(c);

*Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005). Furthermore, the Court certifies pursuant to 28

U.S.C. § 1915(a)(3) that any appeal of this order would not be taken in good faith. *See Coppedge*

*v. United States*, 369 U.S. 438, 445 (1962). The Clerk of the Court is directed to enter judgment in

favor of the Respondents and close this case.


      **SO ORDERED** at Bridgeport, Connecticut, this 13th day of April 2022

                                             */s/ Kari A. Dooley*
                                            KARI A. DOOLEY
                                            UNITED STATES DISTRICT JUDGE